UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEPHEN P. QUINN,

    Plaintiff,

v.

JAMES THOMAS, et al.,

    Defendants.

Case No. 2:09-CV-00588-KJD-RJJ

**ORDER**

    Presently before the Court is Defendants James Thomas and Jim Thomas & Associates' Motion for Summary Judgment (#110). Plaintiff filed an Opposition (#115) to which Defendants filed a Reply (#116).

**I. Background**

    Plaintiff Stephen P. Quinn ("Quinn") brought the present action against James Thomas ("Defendant") and Jim Thomas & Associates in state court. Las Vegas Metropolitan Police Department ("LVMPD"), a previous Co-Defendant, subsequently filed a petition to remove the case on March 30, 2009. Plaintiff's amended complaint brought claims against Thomas for negligence, defamation and defamation per se, tortious invasion of privacy, intentional infliction of emotional distress, punitive damages, and for violation of the Federal Driver's Privacy Protection Act ("FDPPA"). The Court dismissed in its Order (#101) many of Plaintiff's original claims against Defendants pursuant to Defendants' Motion for Partial Summary Judgment (#23). The only claims

that remain for determination in this matter against Defendants are alleged negligence and violation of the Federal Driver's Privacy Protection Act.

The allegations in the complaint arise from the private investigation of Plaintiff performed by Defendant Thomas. Defendant performed the investigation at the request of Jeffrey Guinn ("Guinn"), who was being sued by Plaintiff in a separate, state court defamation lawsuit in the Eight Judicial District Court, Case Number A519586. Plaintiff learned about Defendant's investigation activities during discovery in that lawsuit (#88, ¶31). Plaintiff subsequently brought the present action against Defendant.

As part of the private investigation, Defendant Thomas recorded locations visited by Plaintiff and what he did at those locations. Defendant or his employees also monitored the vehicles that came to Plaintiff's home and business, recording the license plate numbers so that the criminal history of the auto owner could be obtained. Using the license plate numbers, Defendant, a retired police officer, obtained criminal history and other personal information about those who came to Plaintiff's home or business, as well as information about Plaintiff himself. Using this and other information he gathered personally, Defendant compiled and submitted investigative reports to Guinn. These reports included Quinn's social security number and a summary of Quinn's criminal history. The reports also included Defendant's inferences about possible criminal activity or other factors based upon the drivers' criminal history.

LVMPD's Office of Internal Affairs performed an internal investigation showing that Officer Paul Osuch had provided criminal history information to a private investigator. After the present action had already commenced, LVMPD sent a letter to Plaintiff, acknowledging that his private information, including his social security number, had been compromised.

**II. Standard for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, Fed. R. Civ.

P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See, Celotex, 477 U.S. at 323.

The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III. Analysis**

    **A. Negligence**

Plaintiff's negligence claim fails as a matter of law. To state a claim for negligence, a plaintiff must show "(1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's injury; and (4) that the plaintiff was damaged." Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992) (citing Perez v. Las Vegas Medical Center, 805 P.2d 589, 590-91 (Nev. 1991)).

Plaintiff's negligence claim fails as a matter of law because Plaintiff has failed to produce sufficient evidence of damages as a result of Defendants' alleged negligence. The only piece of evidence supporting damages that Plaintiff has submitted is an affidavit, wherein Plaintiff avers that he has experienced "extreme anxiety, constant fear for [his] family's safety, paranoia, and depression." (#34, Exhibit 5, ¶¶ 15-18). The Nevada Supreme Court held that "in cases where **emotional** distress **damages** are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, **proof** of 'serious **emotional** distress' causing physical injury or illness must be presented." Barmettler v.

Reno Air, Inc., 956 P.2d 1382, 1387 (Nev. 1998) (emphasis in original).  In Barmettler, the Nevada Supreme Court rejected the plaintiff's negligent infliction of emotional distress claim because the plaintiff only received a minimal amount of therapy.  Here, Plaintiff has sought no medical or psychiatric help at all, nor has he provided the Court with sufficient evidence of his emotional distress to claim damages.

Plaintiff also alleges that he has incurred the expense of being forced to install an advanced security system in his home as a result of his alleged paranoia.  Because Plaintiff's emotional damages fail to support Plaintiff's negligence claim, his entire negligence claim fails as a matter of law.  Negligence claims cannot be upheld with purely economic damages, such as the installation of an advanced security system.  See, Terracon Consultants Western, Inc. v. Mandalay Resort Group, 206 P.3d 81, 87 (Nev. 2009) (holding that tort recovery is limited only "to those plaintiffs who have suffered personal injury or property damage," thus precluding a property owner who only suffered economic loss, without accompanying personal injury or property damage, from maintaining negligence claims against the defendant).  Even if purely economic damages were sufficient damages standing alone, Plaintiff has again failed to provide proper evidence supporting this claim. Therefore, the Court finds that, because Plaintiff's alleged emotional and economic damages are unsubstantiated and his economic damages, standing alone, are insufficient to constitute damages for a negligence claim, Plaintiff's negligence claim against Defendants fails as a matter of law.[1]

**B. Federal Driver's Privacy Protection Act**

Plaintiff's FDPPA claim fails as a matter of law.  Pursuant to 18 U.S.C.A. § 2721:

(a) A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:
(2) highly restricted personal information, as defined in 18 U.S.C. 2725(4), about any individual obtained by the department in connection with a motor vehicle record, without the express consent of the person to whom such information applies, except uses permitted in subsections (b)(1), (b)(4), (b)(6), and (b)(9) . . . .

---

[1] Although Defendants do not debate the issue of their duty to exercise due care, the Court doubts that Plaintiff would be able to satisfy the requirements of this element as well.

4

"Highly restricted personal information" is defined as: "an individual's photograph or image, social security number, [or] medical or disability information." § 2725(4). Pursuant to 18 U.S.C.A. § 2724(a), an individual has standing to bring a civil action against "a person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter."

While it is undisputed that Defendant Thomas obtained private information from the DMV, including Plaintiff's social security number, and provided this information to his client, Mr. Guinn, one of the exceptions as described in § 2721(a)(2) applies in this case and absolves Defendant of liability under this statute. One of the permitted uses under § 2721(a)(2) states that personal information may be disclosed:

> For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulating body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

§ 2721(b)(4). It is undisputed that "Guinn retained [Defendant] to investigate [Plaintiff] and obtain any damaging information about [Plaintiff] that might assist Guinn in defending against Guinn and Plaintiff's lawsuit." (See, Pl.'s First Amend. Compl., #1, Exb. B, ¶14).

Plaintiff argues that the § 2721(b)(4) exception does not apply here, as Defendant was unaware at the time he was hired by Guinn, and throughout his investigation, of the purpose for which he was hired. As the plain language of the statute indicates, the exception applies if the obtainment of the personal information was for use in connection with any civil trial, including in anticipation of litigation. The statute does not state that the person obtaining the information must be cognizant of that purpose. The Court finds that it is sufficient that Guinn retained Defendant for the purpose of obtaining information in anticipation of trial, regardless of whether or not Defendant was aware of this purpose. Accordingly, Defendant's actions fall within a permitted use under the statute and Plaintiff's FDPPA claim fails as a matter of law.

**C. Rule 54(b) Certification**

In general, orders that do not dispose of all the claims and/or parties are not considered final judgments. However, Fed. R. Civ. P. 54(b) allows a district court to make final an order that completely disposes of one or more, but less than all the claims or parties. See also, SEC v. Capital Consultants, LLC, 453 F.3d 1166, 1173 (9th Cir. 2006). In order to satisfy this rule, the district court must "make an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." Id. at 1174. In accordance with Defendants' motion for a Rule 54(b) certification, the Court makes an express determination that there is no just reason for delay and directs an entry of final judgment in favor of Defendants James Thomas and Jim Thomas & Associates and against Plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (#110) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendants James Thomas and Jim Thomas & Associates and against Plaintiff.

DATED this 3rd day of August 2011.

_____
Kent J. Dawson
United States District Judge