1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **DISTRICT OF NEVADA**
9
10 STEPHEN P. QUINN,
11      Plaintiff,                          Case No. 2:09-CV-00588-KJD-RJJ
12 v.                                        **ORDER**
13 JAMES THOMAS, et al.,
14      Defendants.
15
16      Presently before the Court is Defendant Kai Degner's Motion for Summary Judgment (#118).
17 Plaintiff filed an Opposition (#126) to which Defendant filed a Reply (#127).
18 **I. Background**
19      Plaintiff Stephen P. Quinn ("Quinn") brought the present action against Defendant Kai
20 Degner in state court.  Las Vegas Metropolitan Police Department ("LVMPD"), a previous
21 Co-Defendant, subsequently filed a petition to remove the case on March 30, 2009.  Plaintiff's
22 Amended Complaint brings a 42 U.S.C. § 1983 claim against Defendant for an alleged violation of
23 his constitutional right to privacy.  Additionally, the complaint brings state law claims for tortious
24 invasion of privacy, intentional infliction of emotional distress, and punitive damages.
25      The allegations in the complaint center around the private investigation of Plaintiff, which
26 was performed by Co-Defendant James Thomas ("Thomas").  Plaintiff learned of Thomas's

investigation through discovery in a separate, state court lawsuit in the Eighth Judicial District Court, Case Number A519586.  Plaintiff brought that lawsuit against Jeffrey Guinn ("Guinn") for defamation.  During the course of the defamation lawsuit, Guinn had requested that Thomas perform the investigation of Plaintiff.

Plaintiff's present complaint raises issue with several methods employed by Thomas in the investigation, but the only issue relevant to the present motion is Thomas and Guinn's obtaining of Plaintiff's personal information.  Thomas, a retired LVMPD officer, averred in his deposition that he obtained confidential criminal history and other personal information about Plaintiff from a friend working at LVMPD.  Using this and other information he gathered personally, Thomas compiled and submitted investigative reports to Guinn.  These reports included Plaintiff's social security number and a summary of Plaintiff's criminal history.

LVMPD's Office of Internal Affairs performed an internal investigation showing that Officer Paul Osuch had provided private "SCOPE" information[1] to a private investigator.  Defendant, an officer employed by LVMPD, also admittedly ran a SCOPE report on Plaintiff on October 2, 2006, during which time an open investigation on Plaintiff did not exist.  Plaintiff alleges that Defendant was involved in the improper investigation of Plaintiff and disseminated private SCOPE information about Plaintiff to Guinn and potentially others.

**II. Standard for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See, Fed. R. Civ. P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See, Celotex, 477 U.S. at 323.

---

[1]SCOPE reports are private records, generally used by law enforcement, of an individual's personal information, including birth date, social security number, and criminal history.

1    The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

2  genuine factual issue for trial.  See, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

3  587 (1986); Fed. R. Civ. P. 56(e).  "[U]ncorroborated and self-serving testimony," without more, will

4  not create a "genuine issue" of material fact precluding summary judgment.  Villiarimo v. Aloha

5  Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  Summary judgment shall be entered "against a

6  party who fails to make a showing sufficient to establish the existence of an element essential to that

7  party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

8  **III. Analysis**

9    **A. 42 U.S.C. § 1983 Claim**

10    A section 1983 individual capacity claim seeks to hold a state or municipal officer liable for

11  actions he/she takes under color of state law.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985).

12  Section 1983 is not itself a source of substantive rights, but merely the procedural vehicle by which

13  to vindicate federal rights elsewhere conferred.  See Albright v. Oliver, 510 U.S. 266, 273 (1994).

14  To survive summary judgment under § 1983, a plaintiff must show that the defendant:  (1) acted

15  under color of state law, and (2) deprived the plaintiff of a federal or constitutional right.  See

16  McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000).  "The purpose of § 1983 is to deter state

17  actors from using the badge of their authority to deprive individuals of their federally guaranteed

18  rights."  Id.

19    In the present case, Plaintiff alleges that Defendant violated his constitutional right to privacy

20  by obtaining and publicly disclosing Plaintiff's private information, specifically his social security

21  number.  A person has a privacy interest in avoiding the public disclosure of personal matters.  See In

22  re Crawford, 194 F.3d 954, 948-49 (9th Cir. 1999) (holding that "the indiscriminate **public**

23  **disclosure** of SSN's, especially when accompanied by names and addresses, may implicate the

24  constitutional right of informational privacy") (emphasis added).  However, courts have expressed

25  "'grave doubts as to the existence of a constitutional right of privacy in the nondisclosure of personal

26  information,' especially where 'the information is collected by the Government but not disseminated

3

1   publically.'" <u>Arakawa v. Sakata</u>, 133 F.Supp. 2d 1223, 1228 (D. Haw. 2001) (quoting <u>American</u>

2   <u>Federation of Govt. Employees v. Dept. of Housing and Urban Development</u>, 118 F.3d 786, 791

3   (D.C.Cir 1997)); <u>see also</u> <u>Nelson v. Nat. Aeronautics and Space Admin.</u>, 568 F.3d 1028, 1048 (9th

4   Cir. 2009) (quoting <u>American Federation of Govt. Employees</u> in noting that there is no known case

5   "in which a court has found a violation of the constitutional right to privacy where the government

6   has collected, but not disseminated, the information").

7          Here, neither party disputes that Plaintiff has a privacy interest in avoiding the public

8   disclosure of his private information.  However, Plaintiff's § 1983 claim must fail as a matter of law

9   because Plaintiff has provided no evidence supporting that Defendant disclosed Plaintiff's private

10  information to anyone, let alone to the public.  After multiple discovery extensions, Plaintiff has

11  failed to submit affidavits or any other type of evidence supporting the assertion that Defendant

12  disseminated any private information obtained in the SCOPE report.  In contrast, Defendant has

13  submitted affidavits supporting the following factual contentions: (1) Guinn never requested that

14  Defendant investigate or run Plaintiff's private information (#119, Guinn Dep. 24:20-25, 26:2-4,

15  32:5-18, 36:2-12), (2) Defendant never provided Guinn with any special treatment or disclosed

16  Plaintiff's personal information to anyone, including to Guinn and Thomas (#119, Degner Dep.

17  95:21-96:12, 95:12-20; Thomas Dep. 4:21-5:14), and (3) a LVMPD internal affairs investigation

18  found that Defendant did not disseminate any of Plaintiff's private information (#119, McMahill

19  Dep. 52:4-5; Degner Dep. 54:4-18).  Plaintiff's unsubstantiated allegations are not sufficient to

20  establish a genuine issue of material fact and therefore, Plaintiff's § 1983 claim fails as a matter of

21  law.  <u>See</u> <u>Forrestberg v. Pacific Northwest Bell, Tel. Co.</u>, 840 F.2d 1409, 1419 (9th Cir. 1988)

22  (holding that pure conclusory allegations with no concrete particulars or evidence are insufficient to

23  avoid summary judgment).

24          **B. Tortious Invasion of Privacy**

25          The Supreme Court of Nevada recognizes four branches of the tort of invasion of privacy,

26  which are: "(1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the name

4

1    or likeness of another; (3) unreasonable publicity given to private facts; and (4) publicity

2    unreasonably placing another in false light before the public."   <u>People for the Ethical Treatment of</u>

3    <u>Animals (PETA) v. Berosini</u>, 110 Nev. 78, 867 P.2d 1121, 1130 (1994). Here Plaintiff alleges causes

4    of action under both intrusion upon the seclusion of another and public disclosure of private facts.

**1. Intrusion upon the Seclusion of Another**

6         Plaintiff's intrusion of seclusion claim fails as a matter of law.  To recover for the tort of

7    intrusion, a plaintiff must demonstrate the following:  "1) an intentional intrusion (physical or

8    otherwise); 2) on the solitude or seclusion of another; 3) that would be highly offensive to a

9    reasonable person." <u>Id.</u> at 1279.  Not every invasion of a plaintiff's personal space will permit

10   recovery.  "In order to have an interest in seclusion or solitude which the law will protect, a plaintiff

11   must show that he or she had an actual expectation of seclusion or solitude and that that expectation

12   was objectively reasonable." <u>Id.</u>

13        Here, Plaintiff has alleged that Defendants, including Defendant Degner, intruded upon

14   Plaintiff's seclusion by conducting surveillance of Plaintiff and his family and acquaintances, and

15   that Defendant Degner unreasonably disclosed private information about Plaintiff.  Plaintiff's

16   intrusion of seclusion claim fails as a matter of law as Plaintiff fails to provide the Court with any

17   evidence of Defendant's involvement in either of these acts.  While Plaintiff's complaint and

18   opposition are rife with allegations of improper surveillance and dissemination of private information

19   involving Defendant, Plaintiff again relies purely on allegations and leaps in logic to establish that

20   Defendant engaged in these illegalities.  As there is no evidentiary basis to support this cause of

21   action, the Court need not examine whether or not the purported violations are "highly intrusive to a

22   reasonable person" or "intentional."  The Court finds that Plaintiff has failed to establish a genuine

23   issue of material fact with respect to his intrusion claim and therefore, the claim must fail as a matter

24   of law.

25   //

26   //

5

1            **2. Public Disclosure of Private Facts**

2            "To maintain a cause of action for public disclosure of private facts one must prove that a

3    public disclosure of private facts has occurred which would be offensive and objectionable to a

4    reasonable person of ordinary sensibilities." <u>Montesano v. Donrey Media Group</u>, 668 P.2d 1081,

5    1084 (Nev. 1983).  To make a public disclosure, one must do more than communicate private

6    information to a single person or a small group of individuals.  <u>Kuhn v. Account Control Tech., Inc.</u>,

7    865 F.Supp 1443, 1448 (D.Nev. 1994) (quoting Restatement 2d (Second) of Torts §652D (1977)).

8    Therefore, because the invasion of privacy tort protects against public disclosure, the person making

9    the disclosure must do so through public means.  According to Restatement 2d of Torts §652, "One

10   who gives publicity to a matter concerning the private life of another is subject to liability to the

11   other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly

12   offensive to a reasonable person, and (b) is not of legitimate concern to the public."

13           Here, Plaintiff again fails to establish that his private information was publicly disclosed by

14   any of the Defendants, let alone by Defendant Degner.  Plaintiff provides no evidentiary basis to

15   support that Defendant disseminated any of Plaintiff's private information to anyone.  As mere

16   allegations and speculations are insufficient to overcome summary judgment, the Court finds that

17   Plaintiff's public disclosure of private facts claim fails as a matter of law.

18           **C. Intentional Infliction of Emotional Distress**

19           A plaintiff who seeks to make an intentional infliction of emotional distress (IIED) claim

20   must establish "(1) extreme and outrageous conduct with either the intention of, or reckless disregard

21   for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional

22   distress and (3) actual or proximate causation." <u>Star v. Rabello</u>, 625 P.2d 90, 92 (Nev. 1981).

23   Nevada courts look to the Restatement 2d (second) of Torts for guidance in interpreting IIED claims.

24   <u>See, e.g.</u>, <u>Id.</u> at 92; <u>Olivero v. Lowe</u>, 995 P.2d 1023, 1027 (Nev. 2000).  According to Restatement 2d

25   (second) of Torts § 46, cmt. d, behavior that is "tortious or even criminal" is not necessarily extreme

26   and outrageous.  "Liability has been found only where the conduct has been so outrageous in

                                                    6

1   character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

2   regarded as atrocious, and utterly intolerable in a civilized community." Id.

3          Here, Plaintiff again alleges that Defendant disseminated Plaintiff's private information and

4   participated in the surveillance of Plaintiff.  This claims fails to establish any of the requisite

5   elements for an IIED claim.  First, Plaintiff does not establish that Defendant participated in any of

6   the alleged violations.  Without having participated in the conduct that forms the basis of Plaintiff's

7   IIED claim, Defendant's non-existent conduct cannot be considered extreme or outrageous.

8          Second, even assuming *arguendo* that Plaintiff did establish that Defendant participated in

9   the surveillance of Plaintiff, Plaintiff was not aware of the surveillance activities when they took

10  place (#88, p. 7, ¶31).  It was only afterwards that Plaintiff learned about Defendant Thomas's

11  surveillance.  In the court decisions that have held defendants liable for IIED, the plaintiff was

12  cognizant of the extreme and outrageous behavior while it was taking place.  See e.g., Star, 625 P.2d

13  at 92; Branda v. Stanford, 637 P.2d 1223, 1224-25 (Nev. 1981).   In the instant action, however,

14  Plaintiff was not contemporaneously aware of any surveillance activities of any of the Defendants.

15         Third, Plaintiff has not sufficiently established that he has suffered severe emotional

16  distress.  "[T]he less extreme the outrage the more appropriate it is to require evidence of physical

17  injury or illness from the emotional distress."  Alam v. Reno Hilton Corp., 819 F.Supp. 905, 911

18  (D.Nev. 1993).  Plaintiff needed to submit evidence of physical injury or illness.  The only piece of

19  evidence submitted with respect to Plaintiff's emotional distress is an affidavit, wherein Plaintiff

20  avers that he has experienced "extreme anxiety, constant fear for [his] family's safety, paranoia, and

21  depression." (#38, Exhibit 5, ¶9).  The Nevada Supreme Court rejected a similar claim where the

22  plaintiff did not seek medical or psychiatric help and did not provide objectively verifiable evidence

23  of emotional distress.  Miller v. Jones, 970 P.2d 571, 577 (Nev. 1998).  The Miller court held that the

24  district court properly granted summary judgment because of this lack of evidence.  Id.  Here, like the

25  plaintiff in Miller, Plaintiff did not seek medical or psychiatric help, nor did he provide objectively

26  verifiable evidence of his emotional distress.

1    Finally, even if Plaintiff had properly established that Defendant participated in the

2  surveillance of Plaintiff and dissemination of Plaintiff's private information, as the Court stated in its

3  previous Order (#101), this alleged conduct would not cross the necessary threshold to extreme and

4  outrageous behavior.  The Court finds that Plaintiff failed to establish any requisite elements of IIED

5  and therefore, Plaintiff's IIED claim fails as a matter of law.

6    **D. Punitive Damages**

7    In Nevada, punitive damages may be awarded "where it is proven by clear and convincing

8  evidence that the defendant has been guilty of oppression, fraud or malice, express or implied."

9  N.R.S. 42.005.  The language of N.R.S. 42.005 "plainly requires that a defendant act with a culpable

10  state of mind . . . ." Countrywide Home Loans, Inc. v. Thitchener, 192 P.3d 243, 255 (Nev. 2008).

11  Therefore, the conduct, "at a minimum, must exceed mere recklessness or gross negligence."  Id.

12    Here Plaintiff has offered no evidence of oppression, fraud, or malice to support a finding for

13  punitive damages.  Plaintiff has not sufficiently established that Defendant even engaged in any

14  improper or illegal activity, let alone established by clear and convincing evidence that he engaged in

15  these activities with a sufficiently culpable state of mind.  Because Plaintiff has not demonstrated

16  with clear and convincing evidence that Defendant was guilty of oppression, fraud, or malice, the

17  Court finds that Plaintiff's claim for punitive damage fails as a matter of law.

18  **IV. Conclusion**

19    Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment

20  (#118) is **GRANTED**.

21    DATED this 8th day of August 2011.

22

23

24    _____

25    Kent J. Dawson
      United States District Judge

26

8