1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                  **DISTRICT OF NEVADA**

8                                              * * *

9    STEPHEN P. QUINN,

10         Plaintiff,                                      Case No. 2:09-CV-00588-KJD-RJJ

11   v.                                                                  **ORDER**

12   JAMES THOMAS, an individual; JIM THOMAS &
     ASSOCIATES, a Nevada licensed private investigation   Plaintiff's Motion to Compel Defendant
13   firm;                                                 James Thomas' Response to Deposition
                                                           Questions (#117).
14         Defendants.

15

16         This matter comes before the Court on Plaintiff's Motion to Compel Defendant James

17   Thomas' Response to Deposition Questions (#117). The Court has considered Defendant's

18   Response (#121), Plaintiff's Reply (#124), and the representations and argument of counsel at a

19   hearing held on the motion.

20                                       **BACKGROUND**

21         Plaintiff Quinn took the deposition of Defendant, James Thomas, on January 7, 2011.

22   Quinn's counsel asked for the names of Thomas' sources of information within the police

23   department. Thomas refused to answer.  However, his counsel failed to properly object to the

24   questions pursuant to FED. R. CIV. P. 30(c)(2). Further, he did not make a Motion to Terminate or

25   Limit pursuant to FED. R. CIV P. 30(d)(3). Quinn believes he is entitled to this information for

26   three reasons: (1) to allow him to file a motion asking the court to reconsider Las Vegas

27   Metropolitan Police Department's (LVMPD) Motion for Summary Judgment (#102) dismissing

28   the LVMPD as a defendant; (2) to prove that Thomas was behind a "baseless narcotics

investigation" that harmed Quinn; and (3) to show Thomas was involved in a pattern or practice of obtaining information from officers about certain individuals and using it to harm those individuals.

## **ANALYSIS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1).

**A. Relevancy of the Names of Thomas' Sources**

### 1. Motion to Reconsider

Quinn believes that if Thomas is compelled to name his sources inside the police department he would have enough information for the court to reconsider the Order Granting LVMPD's Motion for Summary Judgment (#102). Even if Quinn obtained these names, it is clear from the court's analysis that these officers were not acting as part of an accepted practice or custom. In fact, there is a strict LVMPD rule against such a practice. *See* Thomas Deposition at 71, Attached as Exhibit 3 to Response to Motion for Summary Judgment (#38).  LVMPD has disciplined twelve employees in the past five years for violating this policy. *See* Snyder Affidavit, Attached as Exhibit D to LVMPD's Motion for Summary Judgment (#29).

Quinn has failed to show how obtaining the names of Thomas' sources would alter the court's holding that LVMPD does not engage in an impermissible practice of disclosing confidential information.  Therefore, the names are not relevant to any party's claim or defense.

### 2. Baseless Narcotics Investigation

Quinn is claiming that information from Thomas' sources caused him to be the subject of a baseless narcotics investigation. Quinn believes that Thomas gave information to his client, Guinn, who then used it to harm Quinn. Quinn wants the name of the sources so he can prove that the narcotics investigation was baseless.

However, Quinn has failed to show how the names of Thomas' sources are relevant to his claims.  During the April 22, 2011, hearing Quinn's counsel stated that he had evidence to support the argument that the information is relevant, but had failed to attach it to the Motion to

Compel (#117). Plaintiff was allowed to supplement his briefing, but has failed to do so. Without any information demonstrating how the names of Thomas' informants is relevant to any party's claims or defenses, the Court cannot determine whether the information sought is relevant.

### 3. Pattern of Obtaining Confidential Information

Lastly, Plaintiff contends that Thomas has engaged in a pattern or practice of obtaining information from LVMPD officers and using that information to harm individuals. Plaintiff asserted that Officer Degner was removed from his position with Internal Affairs because of his relationship with Thomas. Plaintiff again failed to support this assertion. During the hearing, Plaintiff's counsel admitted not attaching any support but claimed there was support but did not file any supplement.

Without these materials it is impossible for the court to determine whether Plaintiff's alleged assertions of relevancy are legitimate. Thus, Plaintiff has failed to demonstrate how acquiring the names of Thomas' sources is relevant to any party's claim or defense. *See Hoffart v. United States Gov't,* 24 Fed. Appx. 659, 665-66 (9th Cir. 2001) (holding that the plaintiff failed to demonstrate how an alleged conspiracy might be relevant his claim, thus, the request failed to meet the good cause or relevancy requirements of FED. R. CIV. P. 26(b)(1)).

**B. Defendant's Failure to Properly Object**

During Thomas' deposition on January 7, 2011, Thomas refused to answer Plaintiff's questions regarding the names of his sources. The defendant did not properly object to the questions pursuant to FED. R. CIV. P. 30(c)(2).

However, despite Defendant's errors, Plaintiff's failure to show how the names of Thomas' sources relate to Plaintiff's claims requires the court to deny disclosure.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Defendant James Thomas' Response to Deposition Questions (#117) is **DENIED**.

DATED this 10th day of August, 2011.


_____
ROBERT J. JOHNSTON
United States Magistrate Judge

4