# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHEN P. QUINN,

    Plaintiff,

v.

JAMES THOMAS, *et al.*,

    Defendants.

Case No. 2:09-CV-00588-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant Kai Degner's Motion for Attorneys' Fees (#140). Plaintiff filed a response in opposition (#142) to which Defendant replied (#144).

    On August 8, 2011, the Court granted (#133) Defendant Kai Degner's motion for summary judgment finding that Plaintiff had failed to present admissible evidence demonstrating that Degner had disseminated Plaintiff's private information in violation of his civil rights. Now Degner has moved for an award of his attorney's fees as a prevailing party under 42 U.S.C. § 1988.

    As a general rule, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though it was not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978). Christiansburg was a Title VII case and two years later, the United States Supreme Court applied the Christiansburg rationale in the context of 42 U.S.C. § 1983 cases. See Hughes v. Rowe, 449 U.S. 5, 14-16 (1980). By frivolous, the court means that the

litigation must be "meritless in the sense that it is groundless or without foundation." Hughes, 449 U.S. at 14; see also Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir. 1984). In other words litigation is frivolous if the result is obvious or the arguments are wholly without merit. See Glanzman v. Uniroyal, Inc. 892 F.2d 58, 61 (9th Cir. 1989).

However, "[a] defendant stands in a different equitable position from that of a prevailing plaintiff. Nevertheless, Congress intended to protect defendants from 'litigation having *no* legal or factual basis." Mitchell v. Los Angeles Ct. Superintendent of Schools, 805 F.2d 844, 847 (9th Cir. 1986)(quoting Christiansburg, 434 U.S. at 420). "Only in exceptional cases did Congress intend that defendants be awarded attorney's fees." Id. at 848. This is not an exceptional case. The Court ultimately concluded on a motion for summary judgment that Plaintiff had not presented evidence demonstrating that a question of fact existed about whether Degner had disseminated Plaintiff's private information. This was not a case where there was no legal or factual basis for the complaint. In fact, Degner admitted that he had run a SCOPE report and obtained Plaintiff's private information.[1] It is unlike other cases where the Court has awarded attorney's fees to prevailing defendants in section 1983 actions where, for example, the plaintiff was on notice of what facts were needed to allege a claim, knew those facts did not exist and brought the claim anyway. Here, there has been no showing that Plaintiff subjectively knew that Degner had not disseminated his private information.

Accordingly, IT IS HEREBY ORDERED that Defendant Kai Degner's Motion for Attorneys' Fees (#140) is **DENIED**.

DATED this 15TH day of August 2012.

                                              Kent J. Dawson
                                              United States District Judge

---

[1] SCOPE reports are private records, generally used by law enforcement, of an individual's personal information, including birth date, social security number, and criminal history.